U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SYBILLA RANDOLPH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CENTENE MANAGEMENT COMPANY, LLC,

Defendant.

NO.

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is a collective and class action brought by Individual and Representative Plaintiff Sybilla Randolph ("Plaintiff" or "Washington Class Representative"), on her own behalf and on behalf of the proposed classes. Plaintiff and the putative class members are or were employed by Defendant Centene Management Company ("CMC" or "Defendant") and are or were denied overtime pay required by state and federal wage and hour laws. These employees are similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The FLSA Collective Class is made up of all persons who are, have been, or will be employed by Defendant as "Case Managers" (also known as prior-authorization, pre-



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

certification, or concurrent review nurses) during the applicable statutory period, and whose job it was to apply pre-determined criteria and guidelines to authorization requests submitted by healthcare providers for insurance coverage and payment purposes.

3. The Washington Rule 23 Class is made up of all persons who are, have been, or will be employed by Defendant as "Case Managers" (also known as prior-authorization, pre-certification, or concurrent review nurses) within the State of Washington at any time during the applicable statutory period.

4. During the applicable statutory period, Defendant failed to pay overtime compensation to each member of the respective classes as required by federal and state law. Plaintiff seeks relief for the Collective Class under the FLSA and for the Washington Class under Washington wage and hour law to remedy Defendant's failure to pay appropriate overtime compensation.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). This Court has supplemental jurisdiction over Plaintiff's state law claims purusant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391 because Defendant maintains an office in Tacoma, Washington, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

7. Defendant CMC is a Wisconsin corporation with its corporate headquarters located in Saint Louis, Missouri.

8. CMC operates office locations in multiple states around the country including a location in Tacoma, Washington.



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

9. CMC is a subsidiary of Centene Corporation.

10. Centene Corporation is a multi-line healthcare enterprise that provides programs and related services to a number of under-insured and uninsured individuals. Its subsidaries, including CMC are managed care companies who operate government sponsored health insurance plans.

11. Defendant operates in interstate commerce by, among other things, providing utilization review services to customers in multiple states across the country, including Washington.

12. Defendant's gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

13. At all relevevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Plaintiff Sybilla Randolph is an adult resident of the State of Washington. Plaintiff has been employed by Defendant as a "Case Manager" from approximately December 16, 2013 to the present. Plaintiff currently works out of Defendant's Tacoma office.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

15. At all times relevant herein, Defendant operated a willful scheme to deprive their Case Managers of overtime compensation.

16. Plaintiff and the similarly situated individuals worked as Case Managers performing utilization reviews for Defendant. As Case Managers, Plaintiff's and the putative class members' primary job duty was non-exempt work consisting of reviewing medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for insurance coverage and payment purposes.

17. Plaintiff and the putative class members were paid a salary with no overtime pay.



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

18. Plaintiff and the putative class members were classified as exempt from federal and state overtime laws.

19. Defendant suffered and permitted Plaintiff and the putative class members to work more than forty (40) hours per week without overtime pay.

20. Defendant has been aware, or should have been aware, that Plaintiff and the putative class members performed non-exempt work that required payment of overtime compensation. For instance, Defendant employs LPNs and LVNs as Case Managers to conduct utilization reviews. Defendant also required Plaintiff and the similarly situated individuals to work long hours and on weekends, including overtime hours, to complete all of her job responsibilities and meet Defendant's productivity standards.

21. Plaintiff's supervisors knew that Plaintiff and other putative class members were working overtime hours because they required Plaintiff and others to work overtime hours and/or were present during those hours.

22. Although they had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the putative class members.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff, on behalf of herself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

24. Plaintiff files this action on behalf of herself and all similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiff's signed consent form is attached as Exhibit A.

25. The employees similarly situated are:

> **FLSA Collective Class**: All persons who are, have been, or will be employed by Defendant as Case Managers (also known as prior authorization, pre-certification, or concurrent review nurses) at any time from three years prior to the filing of this Complaint through the entry of judgment, and whose job it was to apply pre-determined criteria and guidelines to authorization requests submitted by healthcare providers.



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

26. Plaintiff and the FLSA Collective Class worked or work in excess of forty (40) hours during workweeks within the applicable statutory period.

27. Defendant did not pay Plaintiff or the FLSA Collective overtime premiums for their overtime hours worked.

28. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

29. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated individuals. Accordingly, notice should be sent to the FLSA Collective Class members. There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## CLASS ALLEGATIONS

31. Plaintiff (as the "Washington Class Representative") brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **Washington Class**: All persons who are, have been, or will be employed by Defendant as Case Managers (also known as prior authorization, pre-certification, or concurrent review nurses) within the State of Washington at any time from three years prior to the filing of this Complaint through the entry of judgment, and whose job it was to apply pre-determined criteria and guidelines to authorization requests submitted by healthcare providers.

32. Numerosity: Upon information and belief, the proposed Washington Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

on that basis alleges, that during the applicable statutory period, Defendant employed over 25 people who satisfy the definition of the proposed Washington Class.

33. Typicality: The Washington Class Representative's claims are typical of the members of the Washington Class. The Washington Class Representative had the same duties and responsibilities as other class members. Other class members worked unpaid overtime hours The Washington Class Representative and the Washington Class were subject to Defendant's policy and practice of improperly treating and classifying its Case Managers as "exempt" from wage and hour laws and failing to pay appropriate overtime compensation.

34. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

35. Adequacy: The Washington Class Representative will fairly and adequately protect the interests of the Washington Class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

36. Commonality: Common questions of law and fact exist to all members of the Washington Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

A. Whether Defendant improperly classified and treated the Washington Class Representative and the members of the Washington Class as exempt from Washington wage and hour laws;

B. Whether Defendant unlawfully failed to pay appropriate overtime compensation to the Washington Class Representative and the members of the Washington Class in violation Washington wage and hour laws;

C. Whether Defendant failed to keep accurate time records for all hours worked by the Washington Class Representative and the Washington 23 Class;



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

D. Whether Defendant's actions were willful; and

E. The proper measure of damages sustained by the Washington Class Representative and the Washington Class.

37. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Washington Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

38. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Washington Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the members of the Washington Class the overtime pay to which they are entitled. The damages suffered by the individual Washington Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

39. Plaintiff intends to send notice to all members of the Washington Class to the extent required by Rule 23. The names and addresses of the members of the Washington Class are available from Defendant.

## CAUSES OF ACTION
## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME
**(on behalf of Plaintiff and the similarly situated individuals)**

40. Plaintiff and the FLSA Collective Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

41. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

42. Defendant suffered and permitted Plaintiff and the FLSA Collective Class to work more than forty (40) hours per week during weeks within the statutory period without paying them overtime compensation.

43. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective Class the required overtime pay.

44. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

45. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard for the fact, that its compensation practices were in violation of these laws.

## COUNT II - VIOLATIONS OF THE WASHINGTON MINIMUM WAGE ACT
## FAILURE TO PAY OVERTIME
**(On Behalf of the Washington Class Representative and the Washington Class)**

47. The Washington Class Representative and the Washington Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

48. RCW 49.46.130 requires employers to pay employees one and one-half times the regular rate at which they are/were employed for all hours worked over forty (40) per work week.



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

49. RCW 49.46.090 makes employers who violate RCW 49.46.130 liable to the affected employees in the amount of unpaid wages, costs, attorneys' fees, and other appropriate relief under the law.

50. Defendant's actions, policies, and/or practices as described above violate RCW 49.46.130 by regularly and repeatedly failing to compensate Plaintiff and the Washington Class at the required overtime rate.

51. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Washington Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of Washington law. *See* WAC 296-126-050 (requiring "[e]very employer shall keep for at least three years a record of the name, address, and occupation of each employee, dates of employment, rate or rates of pay, amount paid each pay period to each such employee and the hours worked"); WAC 296-128-010(6) (requiring employer to keep records of the "[h]ours worked each workday and total hours worked each week"); WAC 296-128-020 (requiring employers to maintain those records for at least three years).

52. As the direct and proximate result of Defendant's unlawful conduct, the Washington Class Representative and the Washington Class have suffered and will continue to suffer a loss of income and other damages. The Washington Class Representative and the Washington Class are entitled to damages, including interest thereon, as well as attorneys' fees and costs, incurred in connection with this claim.

**COUNT III — VIOLATIONS OF THE WASHINGTON WAGE REBATE ACT**
**WILLFUL REFUSAL TO PAY WAGES**
**(On Behalf of the Washington Class Representative and the Washington Class)**

53. The Washington Class Representative and the Washington Class restate and incorporate by reference the above paragraphs as if fully set forth herein.



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

54. RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

55. Defendant's violations of RCW 49.46.130, as discussed above, have been willful and thus constitute violations of RCW 49.52.050.

56. RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

57. By the actions alleged above, Defendant has violated the provisions of RCW 49.52.050.

58. As a result of the willful, wrongful acts of Defendant, the Washington Class Representative and the Washington Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, the Washington Class Representative and the Washington Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;



TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

C. Judgment against Defendant in the amount of Plaintiff's, the FLSA Collective Class' and the Washington Class' unpaid back wages at the applicable overtime rates;

D. An additional and equal amount as liquidated/statutory damages under state and federal law;

E. Appropriate civil penalties;

F. A finding that Defendant's violations of the FLSA were willful and in bad faith;

G. All reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216, RCW 49.46.090, RCW 49.52.070, and/or applicable laws;

H. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law;

I. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

J. All further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED AND DATED this 12th day of September, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Toby J. Marshall, WSBA #32726

Toby J. Marshall, WSBA #32726
Email: tmarshall@tmdwlaw.com
Erika L. Nusser, WSBA #40854
Email: enusser@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

Rachhana T. Srey, *Pro Hac Vice Application Pending*
srey@nka.com
Alexander M. Baggio, *Pro Hac Vice Application Pending*
abaggio@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center

80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

David G. Langenfeld, *Pro Hac Vice Application Pending*
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, TX 78701
Telephone: (512) 777-7777
Facsimile: (512) 340-4051

*Attorneys for Plaintiffs and the Similarly Situated*

# EXHIBIT A

# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Centene and/or its subsidiaries to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week as prior authorization, pre-certification, case manager, and/or utilization management nurse, or other similar position, for Centene and/or its subsidiaries, and did not receive proper compensation for all of my hours worked, including overtime pay.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert my wage and hour claims.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 04/24/14

Signature

Stella Randolph
Print Name

**Information Below Will Be Redacted in Filings with the Court. Please Print or Type.**

Address: REDACTED

City, State Zip: REDACTED

Best Phone Number(s): REDACTED

Email: REDACTED

**Return this form by fax, email or mail to:**

**Nichols Kaster, PLLP, Attn: Rachhana T. Srey**
**Fax: (612) 338-4878**
**Email: forms@nka.com**
**Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402**
**Web: www.nka.com**