UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYBILLA RANDOLPH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CENTENE MANAGEMENT CO.,<br><br>　　　　　　　Defendant. | CASE NO. C14-5730 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND DENYING AS MOOT DENFENDANT'S MOTION FOR RELIEF FROM DEADLINE |

This matter comes before the Court on Plaintiff Sybilla Randolph's ("Randolph") motion for a protective order (Dkt. 31) and Defendant Centene Management Co.'s ("Centene") motion for relief from deadline (Dkt. 32). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Randolph's motion and denies Centene's motion as moot for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 12, 2014, Randolph filed a Fair Labor Standards Act ("FLSA") collective action against Centene. Dkt. 1. Randolph alleges that Centene failed to pay overtime compensation to Randolph and the putative class members, all of whom are or

ORDER - 1

were employed by Centene as utilization review nurses. *Id.* Thus far, nineteen other individuals have consented to join Randolph's suit as plaintiffs ("opt-in Plaintiffs"). Dkts. 17–22, 25, 27–28, 30, 47.

On December 8, 2014, the parties agreed to toll the statute of limitations for potential class members while the parties participated in mediation. Dkt. 15. Following an unsuccessful mediation conference, the parties resumed active litigation. The tolling agreement remained in place. *See* Dkt. 15 at 3; Dkt. 31-2, Declaration of Paul Lukas ("Lukas Dec."), Ex. C.

On February 13, 2015, the parties conducted their Rule 26(f) conference. Dkt. 26. Between February 18 and March 18, 2015, Centene served written discovery on Randolph and the opt-in Plaintiffs. Lukas Dec., Ex. A.

On March 2, 2015, the parties met and conferred about how to proceed in the case, including the timing of Randolph's motion for conditional class certification and Randolph's intention to seek a protective order. Lukas Dec. ¶ 5. On March 12, 2015, Centene terminated the tolling agreement. Lukas Dec., Ex. C. That same day, Randolph moved for conditional class certification. Dkt. 29.

On March 19, 2015, Randolph moved for a protective order to prevent Centene from conducting discovery of the opt-in Plaintiffs before the Court rules on Randolph's motion for conditional certification. Dkt. 31. On March 25, 2015, Centene responded. Dkt. 37. On March 27, 2015, Randolph replied. Dkt. 40.

On March 19, 2015, Centene moved for an extension of time to conduct discovery of the opt-in Plaintiffs and respond to Randolph's motion for conditional certification.

ORDER - 2

Dkt. 32. On March 25, 2015, Randolph responded. Dkt. 36. On March 27, 2015, Centene replied. Dkt. 39.

On March 30, 2015, Centene responded to Randolph's motion for conditional certification. Dkt. 41. On April 3, 2015, Randolph replied. Dkt. 46. The Court has not yet ruled on Randolph's motion for conditional certification.

## II. DISCUSSION

The instant motions concern whether Centene may conduct discovery of the opt-in Plaintiffs before the Court rules on Randolph's pending motion for conditional certification. Dkts. 31, 32. The Court reserves ruling on Randolph's motion for conditional certification.

A.  **Collective Action Certification**

Although the Court reserves ruling on Randolph's motion for conditional certification, an overview of the certification process is relevant to the instant motions. Under the FLSA, a plaintiff may bring a collective action on behalf of herself and other "similarly situated" employees. 29 U.S.C. § 216(b). To certify a collective action, the plaintiff must show that she and the putative class members are "similarly situated." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1070 (N.D. Cal. 2007). District courts in this circuit apply a two-step approach to determine whether a collective action should be certified. *See, e.g.*, *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011); *Khadera v. ABM Indus. Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010); *In re Wells Fargo*, 527 F. Supp. 2d at 1070–71; *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002).

At the first step, the Court determines whether the class should be conditionally certified for the purpose of sending notice of the collective action to potential class members. *Khadera*, 701 F. Supp. 2d at 1194.  For conditional certification, the Court requires little more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.*  This standard is "fairly lenient and the court bases its findings on the pleadings and affidavits submitted." *Id.* (internal quotation marks omitted).  The Court does not resolve factual disputes or decide substantive issues going to the merits at this preliminary stage. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 926 (D. Ariz. 2010).

The second step occurs after discovery is complete, usually on the defendant's motion to decertify. *Khadera*, 701 F. Supp. 2d at 1194; *Morden v. T-Mobile USA, Inc.*, C05-2112, 2006 WL 2620320, at *2 (W.D. Wash. Sept. 12, 2006).  At the decertification stage, the Court uses a stricter standard to determine whether the conditionally certified plaintiffs are actually similarly situated. *Troy v. Kehe Food Distribs., Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011).  The Court reviews "several factors, including the specific employment conditions and duties of the individual plaintiffs, any defenses asserted by or available to the defendant which appear to be individual to each plaintiff, fairness and procedural considerations, and whether the plaintiffs made any required filings before instituting suit." *Id.*

With this framework in mind, the Court turns to the parties' instant motions.

**B.    Randolph's Motion for a Protective Order**

Randolph seeks a protective order to prevent Centene from conducting discovery of the opt-in Plaintiffs before the Court rules on Randolph's motion for conditional certification. Dkt. 31. Randolph contends that discovery at this preliminary stage is prejudicial and unnecessary. *Id.* In response, Centene argues that it needs to conduct such discovery to defend against Randolph's pending motion for conditional certification. Dkt. 37 at 2.

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). To obtain a protective order, the party seeking protection must show good cause. *Id.* Specifically, the moving party must show that "specific prejudice or harm will result if no protective order is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). The decision to issue a protective order rests within the sound discretion of the trial court. *Id.* at 1210.

Here, the Court finds that Randolph has demonstrated good cause for a protective order. Centene seeks discovery of the opt-in Plaintiffs' specific job duties and employment conditions. Lukas Dec., Ex. A. This information is not germane at the conditional certification stage. *Sanchez v. Sephora USA, Inc.*, 11-03396, 2012 WL 2945753, at *4 (N.D. Cal. July 18, 2012); *see also Morden*, 2006 WL 2620320, at *3. At the conditional certification stage, "the only issue before the Court is whether to *conditionally* certify the class such that notices may be distributed to potential members of that class." *Benedict v. Hewlett-Packard Co.*, 13-CV-00119, 2014 WL 587135, at *11

(N.D. Cal. Feb. 13, 2014); *see also Sanchez*, 2012 WL 2945743, at *4.  In deciding whether potential plaintiffs should receive notice, courts do not consider individual differences between putative class members.  *See, e.g.*, *Wilson v. Maxim Healthcare Servs., Inc.*, C14-789, 2014 WL 7340480, at *8 (W.D. Wash. Dec. 22, 2014); *Khadera*, 701 F. Supp. 2d at 1194–95; *Morden*, 2006 WL 2620320, at *3.  Fact-specific differences between putative class members go to the merits and are properly addressed at the decertification stage.  *Sanchez*, 2012 WL 2945753, at *4; *Khadera*, 701 F. Supp. 2d at 1195; *Morden*, 2006 WL 2620320, at *3.  Thus, Centene's discovery of the opt-in Plaintiffs is premature and unnecessary.  Moreover, Centene has already responded to Randolph's motion for conditional certification.  Dkt. 41.

For these reasons, the Court grants Randolph's motion for a protective order.  If the Court grants Randolph's motion for conditional certification, Centene will have the opportunity to conduct discovery of the opt-in Plaintiffs to prepare a motion for decertification.

**C.     Centene's Motion for Relief from Deadline**

Centene seeks a sixty-day extension of the briefing schedule for Randolph's motion for conditional certification so that it can conduct discovery of the opt-in Plaintiffs and prepare its response.  Dkt. 32.  Centene's motion appears to be moot because Centene has already filed a timely response to Randolph's motion for conditional certification.  Dkt. 41.  Even if Centene's motion was not moot, the Court would deny the motion because such an extension would cause unnecessary and prejudicial delay.

## III. ORDER

Therefore, it is hereby **ORDERED** that Randolph's motion for a protective order (Dkt. 31) is **GRANTED** and Centene's motion for relief from deadline (Dkt. 32) is **DENIED as moot**.

Dated this 24th day of April, 2015.

BENJAMIN H. SETTLE
United States District Judge