UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYBILLA RANDOLPH, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>CENTENE MANAGEMENT CO.,<br><br>                Defendant. | CASE NO. C14-5730 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION AND RESERVING RULING ON PLAINTIFF'S PROPOSED NOTICE |

This matter comes before the Court on Plaintiff Sybilla Randolph's ("Randolph") motion for conditional class certification and court-authorized notice (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for conditional class certification and reserves ruling on the proposed notice for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 12, 2014, Randolph filed a Fair Labor Standards Act ("FLSA") collective action against Defendant Centene Management Co. ("Centene"). Dkt. 1 ("Comp."). Randolph and the putative class members worked for Centene as case managers. *Id.* ¶ 16. Randolph alleges that Centene uniformly misclassified her and other case managers as exempt from the FLSA's overtime protections. *Id.* ¶¶ 15–20. Thus far, nineteen other individuals have consented to join Randolph's suit as plaintiffs ("opt-in Plaintiffs"). Dkts. 17–22, 25, 27–28, 30, 47.

ORDER - 1

On March 12, 2015, Randolph moved for conditional class certification and court-authorized notice under the FLSA. Dkt. 29. On March 30, 2015, Centene responded. Dkt. 41. On April 3, 2015, Randolph replied. Dkt. 46.

## II. FACTUAL BACKGROUND

Centene is a Wisconsin corporation with its corporate headquarters in St. Louis, Missouri. Comp. ¶ 7; Dkt. 16 ("Ans.") ¶ 7. Centene operates offices in multiple locations around the country, including Tacoma, Washington. Comp. ¶ 8; Ans. ¶ 8. Centene provides management services to managed care companies operating government-sponsored health insurance plans. Comp. ¶ 10; Ans. ¶ 10.

Randolph and the putative class members worked for Centene as case managers. Comp. ¶ 16; Dkt. 29-3, Declaration of Kathy Adams ("Adams Dec.") ¶ 3; Dkt. 29-3, Declaration of Sharon Bratten ("Bratten Dec.") ¶ 3; Dkt. 29-3, Declaration of Estella Dobson ("Dobson Dec.") ¶ 3; Dkt. 29-3, Declaration of Carolyn Gunn ("Gunn Dec.") ¶ 3; Dkt. 29-1, Declaration of Ruth Lemler ("Lemler Dec.") ¶ 3; Dkt. 29-3, Declaration of Deborah Letizia ("Letizia Dec.") ¶ 3; Dkt. 29-3, Declaration of Connie Malaska ("Malaska Dec.") ¶ 3; Dkt. 29-3, Declaration of Karen Noworyta ("Noworyta Dec.") ¶ 3; Dkt. 29-3, Declaration of Sybilla Randolph ("Randolph Dec.") ¶ 3; Dkt. 29-3, Declaration of Belinda Rouse ("Rouse Dec.") ¶ 3. Randolph and the putative class members operated under similar job descriptions, developed by a centralized human resources department. Dkt. 29-1, Declaration of Rachhana Srey ("Srey Dec."), Ex. D at 3–4; Ex. E.

The primary duty of a case manager is to conduct utilization reviews.  Adams Dec. ¶ 4; Bratten Dec. ¶ 4; Dobson Dec. ¶ 4; Gunn Dec. ¶ 4; Lemler Dec. ¶ 4; Letizia Dec. ¶ 4; Malaska Dec. ¶ 4; Nowortya Dec. ¶ 4; Randolph Dec. ¶ 4; Rouse Dec. ¶ 4.  Utilization reviews consist of reviewing medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for insurance coverage and payment purposes.  Adams Dec. ¶ 4; Bratten Dec. ¶ 4; Dobson Dec. ¶ 4; Gunn Dec. ¶ 4; Lemler Dec. ¶ 4; Letizia Dec. ¶ 4; Malaska Dec. ¶ 4; Nowortya Dec. ¶ 4; Randolph Dec. ¶ 4.  Case managers perform utilization reviews using Centene's standard guidelines, including Centene's medical policy and procedures.  Adams Dec. ¶ 8; Bratten Dec. ¶ 8; Dobson Dec. ¶ 8; Gunn Dec. ¶ 8; Lemler Dec. ¶ 8; Letizia Dec. ¶ 8; Malaska Dec. ¶ 8; Nowortya Dec. ¶ 8; Randolph Dec. ¶ 8; Rouse Dec. ¶ 7.

Case managers receive similar training at the beginning of their employment with Centene.  Adams Dec. ¶ 14; Bratten Dec. ¶ 14; Dobson Dec. ¶ 14; Gunn Dec. ¶ 14; Letizia Dec. ¶ 14; Malaska Dec. ¶ 14; Nowortya Dec. ¶ 14; Randolph Dec. ¶ 14; Rouse Dec. ¶ 14.  Case managers are also subject to similar performance measures, such as productivity goals, audits, and tests.  Adams Dec. ¶ 15; Bratten Dec. ¶ 15; Dobson Dec. ¶ 15; Gunn Dec. ¶ 15; Lemler Dec. ¶ 14; Letizia Dec. ¶ 15; Malaska Dec. ¶ 15; Nowortya Dec. ¶ 15; Randolph Dec. ¶ 15; Rouse Dec. ¶ 15.

Randolph and the putative class members were paid a salary and regularly worked unpaid overtime hours.  Adams Dec. ¶¶ 10, 13; Bratten Dec. ¶¶ 10, 12–13; Dobson Dec. ¶¶ 10, 12–13; Gunn Dec. ¶¶ 10, 12–13; Lemler Dec. ¶¶ 10, 12–13; Letizia Dec. ¶¶ 10, 12–13; Malaska Dec. ¶¶ 10, 12–13; Nowortya Dec. ¶¶ 10, 12–13; Randolph Dec. ¶¶ 10,

12–13; Rouse Dec. ¶¶ 10, 12–13.  Centene classified Randolph and the putative class members as exempt from the FLSA.  Adams Dec. ¶ 13; Bratten Dec. ¶ 13; Dobson Dec. ¶ 13; Gunn Dec. ¶ 13; Lemler Dec. ¶ 13; Letizia Dec. ¶ 13; Malaska Dec. ¶ 13; Nowortya Dec. ¶ 13; Randolph Dec. ¶ 13; Rouse Dec. ¶ 13.

### III. DISCUSSION

Randolph moves for conditional class certification and court-authorized notice under the FLSA.  Dkt. 29.  Centene opposes the motion, arguing that Randolph has failed to establish that conditional class certification is appropriate in this case.  Dkt. 41.

**A.    Certification Standard**

Under the FLSA, a plaintiff may bring a collective action on behalf of herself and other "similarly situated" employees.  29 U.S.C. § 216(b).  To certify a collective action, the plaintiff must show that she and the putative class members are "similarly situated." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1070 (N.D. Cal. 2007).  The FLSA does not define "similarly situated," and neither the Supreme Court nor the Ninth Circuit has considered the issue.  *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011).  Within the Ninth Circuit, district courts have adopted a two-step approach to determine whether a class is "similarly situated." *See id.*; *Khadera v. ABM Indus. Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010); *In re Wells Fargo*, 527 F. Supp. 2d at 1070–71.  At least five circuit courts follow this approach.  *See White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Morgan v. Family Dollar*

*Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). This Court will also follow the two-step approach.[1]

At the first step, the Court determines whether the class should be conditionally certified for the purpose of sending notice of the collective action to potential class members. *Khadera*, 701 F. Supp. 2d at 1194. For conditional certification, the Court requires little more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* This standard is "fairly lenient and the court bases its findings on the pleadings and affidavits submitted." *Id.* (internal quotation marks omitted). The Court does not resolve factual disputes or decide substantive issues going to the merits at this preliminary stage. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 926 (D. Ariz. 2010). "The court must only be satisfied that a 'reasonable basis' exists for plaintiffs' claims of class wide injury." *Bollinger*, 761 F. Supp. 2d at 1119.

---

[1] Centene invites the Court to apply Rule 23 standards in analyzing Randolph's motion for conditional class certification. Dkt. 41 at 11 nn.2–3. "Rule 23 actions are fundamentally different from collective actions under the FLSA." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013); *see also McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007) ("A 'collective action' differs from a class action."). Accordingly, many courts have concluded that Rule 23 standards should not be applied in FLSA collective actions. *See, e.g.*, *Thiessen*, 267 F.3d at 1105; *Lillehagen v. Alorica, Inc.*, No. 13-0092, 2014 WL 2009031, at *6–7 (C.D. Cal. May 15, 2014); *Troy v. Kehe Food Distribs. Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011); *Morden v. T-Mobile USA, Inc.*, No. C05-2112, 2006 WL 2620320, at *3 (W.D. Wash. Sept. 12, 2006). Because courts generally apply the two-step approach and Centene has not provided any controlling authority to the contrary, the Court declines to apply Rule 23 standards here.

The second step occurs after discovery is complete, usually on the defendant's motion to decertify. *Khadera*, 701 F. Supp. 2d at 1194; *Morden*, 2006 WL 2620320, at *2. At the decertification stage, the Court uses a stricter standard to determine whether the conditionally certified plaintiffs are actually similarly situated. *Troy*, 276 F.R.D. at 649. The Court reviews "several factors, including the specific employment conditions and duties of the individual plaintiffs, any defenses asserted by or available to the defendant which appear to be individual to each plaintiff, fairness and procedural considerations, and whether the plaintiffs made any required filings before instituting suit." *Id.* The second step is not before the Court at this time.

**B.     Conditional Certification**

Randolph seeks to conditionally certify a class of case managers who worked as utilization review nurses for Centene. Dkt. 29. In addition to the factual allegations in the complaint, Randolph has submitted declarations from herself and nine opt-in Plaintiffs. *Id.* at 2. Randolph and the nine opt-in Plaintiffs assert that they worked for Centene as case managers during the relevant statutory period. *See, e.g.*, Randolph Dec. ¶ 3. They state that they performed the same primary job duty, which was to conduct utilization reviews. *Id.* ¶ 4. They further state that they were compensated in the same manner and subject to similar performance standards and expectations. *Id.* ¶¶ 10, 14. They also attest that they worked more than forty hours per week and were denied overtime pay. *Id.* ¶¶ 12–13. Finally, they assert that Centene classified them as exempt from overtime pay. *Id.* ¶ 13.

1	Centene opposes Randolph's motion on several grounds. Dkt. 41. First, Centene
2	contends that the "cookie cutter" declarations submitted by Randolph are insufficient to
3	establish that Randolph and the putative class members are "similarly situated." *Id.* at 13.
4	At this lenient first stage, however, "the use of similarly worded or even 'cookie cutter'
5	declarations is not fatal to a motion to certify an FLSA collective action." *Bollinger*, 761
6	F. Supp. 2d at 1120; *see also In re Wells Fargo*, 527 F. Supp. 2d at 1060, 1071.

7	Next, Centene argues that Randolph has not identified a "single decision, policy,
8	or plan" that will determine the outcome of her claims in this action. Dkt. 41 at 19. The
9	Court disagrees. Randolph plainly alleges that Centene had a common policy of
10	classifying case managers as exempt employees and denying them overtime
11	compensation in violation of the FLSA. Comp. ¶¶ 16–20. The declarations submitted by
12	Randolph further show that Centene classified case managers who performed utilization
13	review work as exempt from the FLSA. *See, e.g.*, Randolph Dec. ¶ 13.

14	Centene also attempts to highlight the individual differences between Randolph
15	and putative class members' job duties. Dkt. 41 at 14–19. In deciding whether potential
16	plaintiffs should receive notice, courts do not consider individual differences between
17	putative class members. *See, e.g.*, *Wilson v. Maxim Healthcare Servs., Inc.*, No. C14-
18	789, 2014 WL 7340480, at *8 (W.D. Wash. Dec. 22, 2014); *Khadera*, 701 F. Supp. 2d at
19	1194–95; *Morden*, 2006 WL 2620320, at *3. Fact-specific differences between putative
20	class members go to the merits and are properly addressed at the decertification stage.
21	*Sanchez v. Sephora USA, Inc.*, No. 11-03396, 2012 WL 2945753, at *4 (N.D. Cal. July
22	18, 2012); *Khadera*, 701 F. Supp. 2d at 1195; *Morden*, 2006 WL 2620320, at *3.

Finally, Centene argues that the Court should deny Randolph's motion because of manageability concerns. Dkt. 14 at 12–13, 24–25. According to Centene, "conditional certification will inexorably lead to an inefficient and wasteful result," because "determining [Randolph's] claims will require an individualized inquiry into the work duties and experiences of hundreds of Case Managers." *Id.* at 12. Fairness and procedural considerations are properly addressed at the decertification stage rather than the notice stage. *See Villarreal v. Caremark LLC*, No. CV-14-00652, 2014 WL 7184014, at *7 (D. Ariz. Dec. 17, 2014); *Troy*, 276 F.R.D. at 649. Accordingly, Centene's argument regarding manageability concerns is premature.

The Court finds that Randolph has met her burden of showing that she and the putative class members are similarly situated. Randolph has submitted evidence that she and the putative class members had similar job titles, primary job duties, compensation policies, and performance standards. Randolph has also shown that Centene classified case managers as exempt from overtime compensation. Randolph's submissions indicate strong similarities among the putative class members and thus a reasonable basis for Randolph's claims of class-wide injury. This showing satisfies the lenient standard for conditional class certification. *See Wilson*, 2014 WL 7340480, at *8; *Bollinger*, 761 F. Supp. 2d at 1119; *Khadera*, 701 F. Supp. 2d at 1194. The Court therefore grants Randolph's motion for conditional class certification.

**C.   Notice**

The FLSA requires the Court to provide potential class members with "accurate and timely notice concerning the pendency of the collective action, so that they can make

informed decisions about whether to participate." *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  Here, Randolph asks the Court to approve her proposed notice and consent form.  Dkt. 29 at 14; Srey Dec., Ex. A.  In response, Centene requests an opportunity to confer with Randolph regarding the proposed notice and to separately submit any objections to the Court.  Dkt. 41 at 25.  The Court requires the parties to meet and confer to determine whether they can provide a stipulated notice form.  Centene shall file any objections to Randolph's proposed notice by May 15, 2015.  Randolph may respond to those objections by May 22, 2015.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Randolph's motion for conditional class certification (Dkt. 29) is **GRANTED**.  Within ten days of this order, Centene shall provide Randolph with a list of all putative class members and their contact information.  The Court **RESERVES ruling** on Randolph's proposed notice.  The parties shall meet and confer to determine whether they can provide a stipulated notice form.  Centene shall file any objections to Randolph's proposed notice by May 15, 2015.  Randolph may respond by May 22, 2015.  Randolph's motion is renoted to May 22, 2015.

Dated this 4th day of May, 2015.

BENJAMIN H. SETTLE
United States District Judge