UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYBILLA RANDOLPH,<br><br>          Plaintiff,<br><br>    v.<br><br>CENTENE MANAGEMENT COMPANY, LLC,<br><br>          Defendant. | CASE NO. C14-5730 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO FILE LATE OPT-IN FORMS |

This matter comes before the Court on Plaintiff Sybilla Randolph's ("Randolph") motion for leave to amend complaint (Dkt. 91) and motion to file late opt-in forms (Dkt. 92). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 12, 2014, Randolph filed a Fair Labor Standards Act ("FLSA") collective action against Defendant Centene Management Co. ("Centene"). Dkt. 1.

1    Randolph alleges that Centene uniformly misclassified her and other case managers as

2    exempt from the FLSA's overtime protections.  *Id.* ¶¶ 15–20.  Randolph also alleges that

3    Centene violated Washington's wage and hour laws.  *Id.* ¶¶ 47–58.

4           On March 12, 2015, Randolph moved for conditional class certification under the

5    FLSA.  Dkt. 29.  On May 4, 2015, the Court granted Randolph's motion.  Dkt. 49.  On

6    May 19, 2015, the Court approved the parties' proposed notice forms and distribution

7    method.  Dkt. 53.

8           On June 1, 2015, Randolph sent the court-approved notice.  Dkt. 92-1, Declaration

9    of Rachhana Srey ("Srey Dec.") ¶ 3.  On July 31, 2015, the FLSA opt-in period ended.

10   *Id.*  Over 130 utilization review nurses returned consent forms by July 31.  *Id.*  Between

11   August 2 and 10, 2015, Randolph received four additional consent forms from opt-in

12   plaintiffs seeking to join this case that were not postmarked or received by the July 31

13   deadline.  *Id.* ¶ 4.

14          On August 31, 2015, Randolph moved for leave to amend her complaint.[1]  Dkt.

15   91.  On September 14, 2015, Centene responded.  Dkt. 93.  On September 18, 2015,

16   Randolph replied.  Dkt. 99.

17          On September 3, 2015, Randolph moved to file the late consent forms.  Dkt. 92.

18   On September 14, 2015, Centene responded.  Dkt. 95.  On September 18, Randolph

19   replied.  Dkt. 98.

20   _____

21        [1] The proposed amended complaint that Randolph submitted with her motion contained a
22   typo.  Dkt. 99 at 5 n.3.  Accordingly, the Court refers to the corrected version that Randolph
     submitted with her reply.  *See id.*; Dkt. 99-1.

ORDER - 2

## II. DISCUSSION

A.   **Motion for Leave to Amend Complaint**

Randolph moves to amend her complaint to (1) include individual opt-in plaintiffs as additional named plaintiffs in the case caption, and (2) add Rule 23 state law overtime claims under California, Ohio, Missouri, and Illinois wage law. Dkt. 91. In response, Centene argues that Randolph's proposed amendments are futile. Dkt. 93.

After the initial pleading amendment period provided by the federal rules, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergan Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal quotation marks omitted). Leave to amend should be granted unless the amendment: (1) creates undue delay; (2) is sought in bad faith; (3) prejudices the opposing party; or (4) is futile. *Id.*

In this case, it does not appear that Randolph's proposed amendments would cause undue delay. Randolph moved to amend her complaint within the deadline set by the parties' stipulated scheduling order. *See* Dkts. 55, 91. Additionally, this case is still in the early stages of litigation—little written discovery has taken place and no depositions have occurred. Srey Dec. ¶ 5. It also does not appear that Randolph acted in bad faith in bringing this motion or that Centene would be prejudiced by the amendments.

Centene raises several arguments regarding the futility of Randolph's proposed amendments. "[A] proposed amendment is futile only if no set of facts can be proved

under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Centene first argues that Randolph's proposed amendments are futile because Randolph cannot satisfy Rule 23's numerosity requirement. Dkt. 93 at 4. This argument is premature and better suited for an opposition to class certification. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification . . . ."). Although Randolph ultimately bears the burden of demonstrating that Rule 23's requirements are actually satisfied in this case, the Court declines to make that determination on this motion.

Next, Centene contends that Randolph's proposed amendments are futile because the exercise of supplemental jurisdiction would be improper in this case. Dkt. 93 at 6. According to Centene, Randolph's proposed state law claims will substantially predominate over her FLSA claim. Dkt. 93 at 6. The Court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1996). At this stage in the litigation, the Court cannot conclude that Randolph's state law claims will substantially predominate over her FLSA claim. If it later appears that state law issues substantially predominate, however, this issue may be revisited.

Finally, Centene argues that Randolph's proposed amendments should not relate back to the original complaint. Dkt. 93 at 10. "The relation back doctrine of Rule 15(c) is a bar to the statute of limitations." *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988). Under Rule 15(c), an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original complaint." Fed. R. Civ. P. 15(c)(1)(B). "To relate back, 'the original and amended pleadings must share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question.'" *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (quoting *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989)). "The relation back doctrine of Rule 15(c) is liberally applied." *Id.* (internal quotation marks omitted).

As a preliminary matter, Centene has not identified or argued that a statute of limitations bars Randolph's proposed claims. *See* Dkt. 93. Regardless, the Court finds that Randolph's proposed claims relate back to the original pleading. In her original complaint, Randolph alleged that Centene failed to pay overtime compensation as required by federal and state law. Dkt. 1 ¶¶ 15–22. The new claims in Randolph's proposed amended complaint concern the same alleged conduct. *See* Dkt. 99-1 ¶¶ 23–30. Because Randolph's proposed claims share a common core of operative facts with her original claims, the relation back doctrine applies.

In sum, the Court finds that Randolph should be given leave to amend her complaint. The Court therefore grants Randolph's motion.

### B.     Motion to File Late Opt-In Forms

Randolph also requests permission to file four late consent forms. Dkt. 92. Centene opposes the motion, arguing that Randolph has not shown good cause and that Centene would be prejudiced. Dkt. 94.

Under the FLSA, a plaintiff may bring a collective action on behalf of herself and other "similarly situated" employees. 29 U.S.C. § 216(b). Potential plaintiffs must "opt in" to the suit by filing written consent with the Court. *Id.* "To facilitate this process, a district court may authorize the named plaintiffs in a FLSA collective action to send notice to all potential plaintiffs, and may set a deadline for plaintiffs to join the suit by filing consents to sue." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (internal citations omitted). Potential plaintiffs who do not file written consent forms with the Court are not bound by the judgment and may bring a subsequent private action. *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).

In this case, the FLSA opt-in period ended on July 31, 2015. Srey Dec. ¶ 3. Randolph's counsel, however, received four additional consent forms from opt-in plaintiffs that were not postmarked or received by the deadline. *Id.* ¶ 4. The FLSA does not provide a standard for determining whether late opt-in consent forms should be accepted. In deciding whether to accept late opt-in consent forms, courts have generally considered the following five factors: (1) whether "good cause" exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline were the consent forms filed; (4) judicial economy; and (5) the remedial purposes of the FLSA.

1  *See Helton v. Factor 5, Inc.*, No. C10-04927, 2014 WL 1725734, at *3 (N.D. Cal. Apr.
2  29, 2014).

3        In considering these factors, the Court first finds that Randolph has not shown
4  good cause for the late submissions.  With regard to the second factor, Centene argues
5  that it will be prejudiced by the inability to conduct discovery.  Dkt. 19 at 3.  Centene,
6  however, has not served any discovery on any plaintiffs other than Randolph herself.
7  Srey Dec. ¶ 5.  No depositions have occurred.  *Id.*  Centene has also not identified any
8  discovery that it would have conducted if the late opt-in plaintiffs had timely filed their
9  consent forms.  *See* Dkt. 19.  Moreover, the late opt-in plaintiffs constitute a small part of
10 the overall FLSA collective class, and this case is still in the early stages of litigation.
11 The Court therefore finds that any prejudice to Centene will be minimal.

12       As to the third factor, the delay between the opt-in deadline and the instant motion
13 was not substantial.  Randolph received the consent forms at issue within two to ten days
14 of the opt-in deadline.  After failing to reach an agreement with Centene about the late
15 filings, Randolph filed the instant motion a little over a month after the opt-in deadline.
16 *See* Dkt. 92 at 5.  The fourth factor of judicial economy also weighs in Randolph's favor.
17 If not permitted to join this case, the late opt-in plaintiffs could file actions involving the
18 exact same issues.  Finally, allowing the late opt-in plaintiffs to join this case is consistent
19 with the FLSA's broad remedial purpose.

20       Having considered these factors, the Court will allow Randolph to file the late
21 consent forms.  Although Randolph has failed to show good cause for the late
22 submissions, the other four factors weigh in favor of allowing the late opt-in plaintiffs to

1 join this case. The Court grants Randolph's motion to file the four consent forms at
2 issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that Randolph's motion for leave to amend complaint (Dkt. 91) is **GRANTED.** Randolph shall file her amended complaint as a separate docket entry. Randolph's motion to file late opt-in forms (Dkt. 92) is **GRANTED**.

Dated this 5th day of October, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge