UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYBILLA RANDOLPH, et al.,

             Plaintiffs,

    v.

CENTENE MANAGEMENT COMPANY, LLC,

             Defendant.

CASE NO. C14-5730 BHS

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Plaintiffs Sybilla Randolph ("Randolph"), Katherine Adams, Connie Malaska, Queonna Jackson, and Christine Koch's (collectively "Plaintiffs") motion to compel (Dkt. 115) and Defendant Centene Management Company, LLC's ("Centene") motion for protective order (Dkt. 116). The Court has considered the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On September 12, 2014, Randolph sued Centene, alleging Centene uniformly misclassified her and other case managers as exempt from the Fair Labor Standard Act's

ORDER - 1

("FLSA") overtime protections. Dkt. 1 ¶¶ 15–20. Randolph also alleges Centene violated Washington's wage and hour laws. *Id.* ¶¶ 47–58.

The Court conditionally certified a class under the FLSA on May 4, 2015. Dkt. 49. On October 5, 2015, the Court granted Randolph leave to amend her complaint to add four named plaintiffs, as well as claims under California, Illinois, Missouri, and Ohio's wage and hour laws. Dkt. 100.

On November 20, 2015, Plaintiffs sent Centene a Federal Rule of Civil Procedure 30(b)(6) notice, which listed fifteen topics for examination. Dkt. 115-1, Declaration of Rachhana Srey ("Srey Dec."), Ex. B. Plaintiffs set the deposition for December 30, 2015. *Id.* at 2. On December 16, 2015, Centene objected to Plaintiffs' Rule 30(b)(6) notice. Srey Dec., Ex. D. The parties met and conferred by telephone on December 21, 2015. Srey Dec. ¶¶ 6–7. Centene stated it would not produce a Rule 30(b)(6) witness before Plaintiffs' deadline for Rule 23 class certification, which was set for January 12, 2016. Srey Dec. ¶ 8; Dkt. 109. Centene also notified Plaintiffs that it intended to seek a protective order. Srey Dec. ¶ 8.

On December 22, 2015, Plaintiffs moved to compel. Dkt. 115. On December 29, 2015, Centene moved for a protective order. Dkt. 116. The parties filed their respective responses and replies. Dkts. 120, 122, 123, 124. Both motions concerned whether Plaintiffs should be permitted to conduct the Rule 30(b)(6) deposition before filing their class certification motion. *See* Dkts. 115, 116.

Plaintiffs subsequently moved for class certification on January 12, 2016. Dkt. 129. Plaintiffs' motion is noted for February 26, 2016. *Id.* In light of Plaintiffs' class


certification motion, the Court ordered the parties to show cause as to why their discovery motions should not be denied as moot. Dkt. 133. On February 5, 2016, the parties responded. Dkts. 134, 135. Both parties argued there are still live issues for this Court to decide. Dkts. 134, 135. Based on these responses, the Court will proceed to address the discovery motions.

## II. DISCUSSION

The parties' motions concern the timing and the scope of Plaintiffs' Rule 30(b)(6) deposition.

**A.     Legal Standard**

The Federal Rules of Civil Procedure allow for liberal discovery. *See* Fed. R. Civ. P. 26(b)(1). "Litigants may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotation marks omitted). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Id.* (internal quotation marks omitted). "District courts have broad discretion in determining relevancy for discovery purposes." *Id.*

Under Rule 26(c), the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). To obtain a protective order, the party seeking protection must show good cause. *Id.* Specifically, the moving party must show that "specific prejudice or harm will result if no protective order is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206,

1210–11 (9th Cir. 2002). The decision to issue a protective order rests within the sound discretion of the trial court. *Id.* at 1210.

**B.      Rule 30(b)(6) Deposition**

Plaintiffs seek to conduct a Rule 30(b)(6) deposition. Dkt. 115. Centene, in turn, argues the Rule 30(b)(6) deposition should be postponed until after the Court rules on Plaintiffs' class certification motion. Dkt. 135. Centene also argues the topics for examination are overbroad, unduly burdensome, irrelevant, and vague. Dkt. 116.

The Court agrees with Centene that the Rule 30(b)(6) deposition should be postponed until after the Court rules on class certification. Plaintiffs seek to certify classes of case managers in five states. Dkt. 129. The Court's ruling will clarify the scope of the Rule 30(b)(6) deposition, particularly with regard to the number of case managers and states at issue.

After the Court's ruling, the parties should meet and confer to determine whether they can reach an accord on the noticed topics before seeking intervention from the Court. For example, one of the topics for examination is the "job duties and responsibilities of [case managers]." Srey Dec. Ex. B at 3. Centene argues this topic is overbroad to the extent it seeks discovery relating to "all case managers." Dkt. 116 at 11. In all likelihood, this topic would be limited to the case managers subject to litigation. The Court also notes Centene should be able to identify a much smaller number of corporate representatives who will need to be prepared for the deposition. *See* Dkt. 116 at 2 (arguing "[t]he deposition topics are so wide-ranging and broad that [Centene] would need to designate dozens of witnesses and interview hundreds of individuals to

adequately prepare for the requested depositions"). Finally, the parties should consider whether senior executives Robert Sanders and Anne Richter could be designated as Rule 30(b)(6) witnesses on some or all of the topics to which they previously testified.

## III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to compel (Dkt. 115) is **DENIED** and Centene's motion for protective order (Dkt. 116) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 10th day of February, 2016.

BENJAMIN H. SETTLE
United States District Judge