# EXHIBIT 1

THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| SYBILLA RANDOLPH, KATHERINE ADAMS, CONNIE MALASKA, QUEONNA JACKSON, AND CHRISTINE KOCH, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CENTENE MANAGEMENT COMPANY, LLC,<br>Defendant. | Case No. 3:14-cv-05730-BHS<br><br>**STIPULATION OF SETTLEMENT AND RELEASE OF CLAIMS** |

This Stipulation of Settlement and Release of Claims ("Settlement Agreement") is entered into between Plaintiffs, SYBILLA WALTHER (formerly RANDOLPH), KATHERINE ADAMS, CONNIE MALASKA, QUEONNA JACKSON, AND CHRISTINE KOCH (collectively, "Plaintiffs"), individually and on behalf of the FLSA Collective and Rule 23 State Law Settlement Classes described below (hereinafter referred to collectively as the "Settlement Class" or "Settlement Class Members"), by and through their attorneys Nichols Kaster, PLLP ("Class Counsel"), and Defendant CENTENE MANAGEMENT COMPANY, LLC ("Defendant"), by and through its attorneys Littler Mendelson, P.C. (the Plaintiffs and the Defendant are hereinafter collectively referred to as "Parties").

I.      **RECITALS AND BACKGROUND**

1.      On September 12, 2014, Plaintiff Sybilla Walther (formerly Randolph) filed a collective and class action Complaint in the United States District Court for the Western District of Washington, alleging that Defendant failed to properly pay her and other similarly situated "Case Manager" utilization review nurses (also known as prior authorization, pre-certification, or concurrent review nurses) overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") and Washington state wage and hour laws. (Dkt. # 1.)

2.      Soon after Plaintiff filed the lawsuit, the Parties agreed to mediate both the claims alleged in this case and those in a related case filed on behalf of Case Managers employed by another subsidiary of Centene Corporation, Defendant's parent company. The related case, *Clark, et al. v. Centene Co. of Texas, L.P.*, File No. 1:12-CV-00174-SS (W.D. Tex.), was set for a February 2015 trial. The Parties participated in mediation in January 2015, but did not reach a settlement.

3.      On March 12, 2015, Plaintiff moved to conditionally certify a nationwide FLSA collective action of Case Managers. (Dkt. # 29.) The Court granted Plaintiff's motion in May 2015 and certified the following FLSA Collective:

> **All persons who are, have been, or will be employed by Defendant as Case Managers (also known as prior authorization, pre-certification, or concurrent review nurses) at any time from three years prior to the filing of [the] Complaint through the entry of judgment, and whose job it was to apply pre-determined criteria and guidelines to authorization requests submitted by healthcare providers.**

(Dkt. # 49.) As a result of conditional certification, the FLSA Collective consists of a total of 155 Opt-In Plaintiffs.

4.      After the close of the FLSA opt-in period, Plaintiff amended her complaint to add proposed state law class representatives and overtime claims under California, Illinois, Missouri,

2

and Ohio state laws. (Pl.'s Mot. to Amend, Dkt. # 91.) The Court granted Plaintiff's motion on October 5, 2015. (Order, Dkt. # 100.)

5. After filing the Second Amended Complaint, the Parties exchanged written discovery requests and responses. Defendant produced documents and data, including payroll data, showing Case Managers' bi-weekly earnings and time off from work for such things as PTO, sick leave, and vacation (i.e., "non-work" hours).

6. On January 12, 2016, Plaintiffs moved to certify their Washington, California, Illinois, Missouri, and Ohio state law claims pursuant to Fed. R. Civ. P. 23. (Pls.' Mot. for Rule 23 Class Cert., Dkt. # 129.) Defendant opposed class certification, (Def.'s Opp'n Mem., Dkt. # 139), and Plaintiffs filed their reply in February 2016, (Pls.' Reply, Dkt. # 142).

7. The Parties subsequently agreed to attend another mediation session. This second mediation took place on April 27, 2016, with Richard Sher of Sher Corwin Winters LLC in St. Louis, Missouri serving as the third-party mediator. The Parties were unable to reach agreement on the date of the mediation, but ultimately agreed to accept the mediator's proposal the following day.

8. For purposes of settlement only, the Parties seek the certification of five opt-out state law settlement classes pursuant to Rule 23 of the Federal Rules of Civil Procedure. The "Rule 23 State Law Settlement Classes" is defined in Section III of this Settlement Agreement.

9. The Parties have thoroughly investigated the claims being released by this settlement. Defendant's counsel deposed each of the five Named Plaintiffs. Plaintiffs deposed multiple corporate executives and interviewed many of the Opt-In Plaintiffs. Both parties have analyzed Defendant's payroll and non-work hours data to determine potential damages. Based on each Party's independent investigation and evaluation, the Parties believe that a settlement

based on the settlement amounts and terms set forth in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interest of Plaintiffs and the Settlement Class in light of all known facts and circumstances, including the risk of delay, the allegations asserted by Plaintiffs, and the defenses asserted by Defendant.

10. Defendant expressly denies any liability or wrongdoing of any kind associated with the claims in this litigation and in Plaintiffs' Second Amended Complaint.  By entering into the Settlement Agreement, Defendant does not admit any liability or wrongdoing and expressly denies the same.

11. This Settlement Agreement sets forth the entire agreement between the Parties and supersedes all prior agreements or understandings, written or oral, between the Parties.  It is the intention of the Parties that this Settlement Agreement be consistent with the Parties' previously-executed Memorandum of Understanding.

## II. CONDITIONS PRECEDENT TO EFFECTIVENESS OF SETTLEMENT AGREEMENT

12. This Settlement Agreement will become final and effective only upon the occurrence of all of the following events: (A) the Court enters an order granting preliminary approval of the settlement and certification of the Settlement Classes for the purposes of settlement; and (B) the Court enters an order granting final approval of the settlement and enters judgment.

13. If the Court does not approve any aspect of the settlement as set forth herein, the Parties will work in good faith to conform the terms of the Settlement Agreement to resolve the Court's objections.  If an objection cannot be resolved in a manner sufficient to allow the Court to grant approval, then this Settlement Agreement will be deemed void *ab initio*.

## III. SCOPE OF SETTLEMENT AND DAMAGES ANALYSIS

14.     The scope of this settlement includes the 155 Opt-in Plaintiffs who have filed consent to join forms and have not withdrawn them and the 169 members of the Rule 23 State Law Settlement Classes who are not FLSA Opt-in Plaintiffs who were employed by Defendant in Washington, California, Illinois, Missouri or Ohio as Case Manager utilization review nurses at any time during the applicable state law's statute of limitations period who do not timely opt out of the Settlement within the time specified in the notice of settlement.

15.     Class Counsel obtained electronic payroll and non-work hours data from Defendant. Using this data, deposition testimony, and interviews with Opt-in Plaintiffs, Class Counsel conducted an individualized analysis of each Settlement Class Member's potential damages, considering each Case Managers' estimated hours worked per week, weeks worked during the relevant statutory period, and salary earnings and non-work hours as reflected in the payroll data.

## IV.   FLSA COLLECTIVE AND RULE 23 CERTIFICATION FOR SETTLEMENT PURPOSES

16.     The Court previously certified the following FLSA Collective:

> **All persons who are, have been, or will be employed by Defendant as Case Managers (also known as prior authorization, pre-certification, or concurrent review nurses) at any time from three years prior to the filing of this Complaint through the entry of judgment, and whose job it was to apply pre-determined criteria and guidelines to authorization requests submitted by healthcare providers.**

(Order, Dkt. # 49.)

17.     For settlement purposes only, the Parties stipulate to certification of the following Rule 23 State Law Settlement Classes:

> **All individuals who are not FLSA Opt-in Plaintiffs who were employed by Defendant in Washington, California, Illinois, Missouri or Ohio as Case Manager utilization review nurses (also known as prior authorization, pre-certification, or concurrent review nurses) at any time during the applicable state law's statute of limitations period.**

5

18. The Parties further stipulate that the Plaintiffs shall be appointed as Class Representatives and Nichols Kaster, PLLP shall be appointed Class Counsel for the Rule 23 State Law Settlement Classes.

19. The stipulation to certify the Settlement Classes is contingent upon final approval of this Settlement Agreement by the Court and is made for settlement purposes only. If the settlement is not approved by the Court or does not become final for any other reason, the Parties agree that the settlement class certification is void *ab initio* and that Defendant retains the right to object to certification of the FLSA Collective and Rule 23 State Law Settlement Classes.

## V.   SETTLEMENT CONSIDERATION

20. Defendant agrees to pay four million, five hundred thousand dollars ($4,500,000.00) ("Gross Settlement Amount"), to be distributed pursuant to the claims procedure set forth in Section VIII in consideration for:

   A. Dismissal of this action with prejudice as to all "Participating Settlement Class Members" (i.e., all FLSA Collective members who timely return a Release of Claims form and all members of the Rule 23 State Law Classes who do not opt out of the settlement);

   B. Full and final settlement of all claims (as defined in Section IX) of the Participating Settlement Class Members during the relevant periods;

   C. Any and all attorneys' fees and litigation expenses associated with representation of the Settlement Class (including costs related to administering the settlement) and any putative member thereof;

   D. A contingency fund used to effectuate the purposes of the settlement; and

   E. The Class Representatives' service payments.

21. Defendant shall be separately responsible for payment of Defendant's share of any employer payroll taxes resulting from settlement payments to the Settlement Class Members.

22. The Gross Settlement Amount shall remain in the possession, custody, and control of Defendant until the settlement payments are distributed as set forth herein.

6

23. The sum of the Gross Settlement Amount remaining after subtracting (a) the amount of Class Counsel's attorneys' fees ($1,500,000.00, which is 33 1/3% of the Gross Settlement Amount) and out-of-pocket litigation expenses ($35,819.45); (b) settlement administration costs ($2,500.00); (c) class representative service payments ($7,500.00 to Plaintiff Sybilla Walther (formerly Randolph) and $5,000.00 to Plaintiffs Katherine Adams, Connie Malaska, Queonna Jackson, and Christine Koch); and (d) contingency fund ($10,000.00), constitutes the "Net Allocation Fund" ($2,924,180.55), which shall be distributed to the Settlement Class as set forth herein.

24. In the event that this Settlement Agreement is canceled, rescinded, terminated, voided, or nullified, or the settlement of the litigation is barred by operation of law, is invalidated, is not approved, or is otherwise ordered not to be carried out by the Court or any court of competent jurisdiction, Defendant will cease to have any obligation to pay or provide any portion of the settlement funds to anyone under the terms of this Settlement Agreement.

## VI. ATTORNEYS' FEES, LITIGATION EXPENSES, AND SETTLEMENT ADMINISTRATION

25. Class Counsel shall make a separate petition to the Court for an award of attorneys' fees for their work in obtaining a settlement benefiting the Settlement Class Members. Defendant will not oppose the petition. Attorneys' fees awarded to Class Counsel in this action shall be paid out of the Gross Settlement Amount, and not in addition to it.

26. Class Counsel will also seek reimbursement of their out-of-pocket litigation expenses not to exceed $35,819.45. Defendant will not oppose the petition. Any award for out-of-pocket litigation expenses to Class Counsel shall be paid out of the Gross Settlement Amount, and not in addition to it.

27. The enforceability of this Settlement Agreement is not contingent on the amount

of attorneys' fees or litigation expenses awarded by the Court to Class Counsel.

28. The Parties agree that if the Court approves payment of attorneys' fees or out-of-pocket litigation expenses in an amount less than requested by Class Counsel, the remaining amounts shall be reallocated in the final settlement allocations on a *pro rata* basis to the Participating Settlement Class Members.

29. The Parties agree that $2,500.00 of the Gross Settlement Amount shall be set aside as settlement administration costs, which includes any expenses incurred by Class Counsel for administering and obtaining final approval of the settlement. Any unused portion of this amount shall be reallocated in the final settlement allocations on a *pro rata* basis to the Participating Settlement Class Members.

## VII. CONTIGENCY FUND AND SERVICE PAYMENTS

32. $10,000.00 of the Gross Settlement Amount shall be set aside in a contingency fund to correct any errors relating to the allocations as agreed to by the Parties, make payments to potential Settlement Class Members who dispute their allocation amounts, or for any other reasonable purpose necessary to effectuate the settlement. Any unused portion of this amount shall be reallocated in the final settlement allocations on a *pro rata* basis to the Participating Settlement Class Members.

33. In addition to their individual *pro rata* settlement allocation, the Parties agree to allocate to the Named Plaintiffs a service payment for their time and effort in securing this settlement on behalf of the Settlement Class Members. Subject to Court approval, seven thousand five hundred dollars ($7,500.00) will be allocated to the original Named Plaintiff Sybilla Walther (formerly Randolph), and five thousand dollars ($5,000.00) will be allocated to each of the four subsequently added Named Plaintiffs, Katherine Adams, Connie Malaska,

Queonna Jackson, and Christine Koch. Plaintiff will petition the Court for approval of these service payments. If any lesser amount is approved by the Court, the difference between the requested amount and the approved amount shall be reallocated in the final settlement allocations on a *pro rata* basis to the Participating Settlement Class Members. Any service amount to Class Representatives approved by the Court will be reported on an IRS Form 1099.

## VIII. CLAIMS PROCEDURE, DISBURSEMENTS, AND TAXES

34. Class Counsel computed a preliminary allocation of settlement amounts, which Defendant reviewed and adopted as its settlement offers to potential Settlement Class Members, to include in their settlement notices.

35. The Parties agree that two different settlement notices are necessary in this case: one notice to members of the FLSA Collective (Exhibit 1), and a second notice to members of the Rule 23 State Law Settlement Classes (Exhibit 2).

36. Exhibit 1 is the "FLSA Notice of Settlement and Release of Claims Form" ("FLSA Notice") that, upon approval, would be distributed to all FLSA Collective members. Of the 324 potential Settlement Class Members, 155 will receive the FLSA Notice.

37. Exhibit 2 is the "Rule 23 Notice" that, upon approval, would be distributed to the potential members of the Rule 23 State Law Settlement Classes. Of the 324 potential Settlement Class Members, 169 will receive this Rule 23 Notice.

38. Not later than fourteen (14) days following the entry of the order granting preliminary approval, Class Counsel shall distribute the applicable court-approved notice to each potential Settlement Class Member.

39. The FLSA Notice shall inform each member of the FLSA Collective of the forty-five (45) day period ("Notice Response Deadline") to either accept his/her settlement offer by

returning the Release of Claims Form attached to the FLSA Notice, or reject in writing his/her individual offer and request a withdrawal of their opt-in consent form.  Any Opt-in Plaintiffs who timely reject their individual settlement offers and request a withdrawal of their opt-in consent forms will have their claims dismissed without prejudice as of the date of the Court's final settlement approval order, and thereafter shall have thirty (30) days during which any tolling of the statute of limitations in effect in this case shall continue.  All non-responsive FLSA Collective members (i.e., those who did not return a claim form or provide a written rejection) will have their claims dismissed with prejudice.

40. The Rule 23 Notice will inform each Member of the Rule 23 State Law Settlement Class of the Notice Response Deadline and his/her option to do nothing to accept the offer, or opt out of the Rule 23 State Law Settlement Classes.

41. The Notice shall inform each potential Settlement Class Member of his/her *pro rata* share of the Net Allocation Fund, which was based on an analysis of hours worked, the number of eligible weeks each Settlement Class Member worked as a Case Manager utilization review nurse during the individual's applicable statutory period, and each individual's payroll records consisting of salary earnings and non-work hours.

42. The Parties agree that no amount of the Gross Settlement Amount of $4,500,000.00 shall revert to or be retained by Defendant other than as follows:

    A.    Any portion of the Net Allocation Fund and associated *pro rata* share of attorneys' fees allocated to potential Settlement Class Members receiving the FLSA Notice who reject their settlement offer and request withdrawal of their opt-in consent form; and

    B.    Any portion of the Net Allocation Fund and associated *pro rata* share of attorneys' fees to potential Settlement Class Members receiving the Rule 23 Notice who opt out of the settlement.

43. After expiration of the Notice Response Deadline, the Parties agree to reallocate

*pro rata* to Participating Settlement Class Members any unused or unclaimed funds (including any amounts not used from the contingency fund, as well as any amounts not approved by the Court for attorneys' fees and out-of-pocket litigation costs, settlement administration, and Class Representative service awards).

44. Any Participating Settlement Class Member who wishes to object to the settlement must file a written objection with the Court, with copies to Class Counsel and counsel for Defendant. All objections must be dated and post-marked by no later than the Notice Response Deadline. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.

45. Potential members of the Rule 23 State Law Settlement Classes who wish to be excluded from the settlement must complete and sign a written request for exclusion in a form described in the Rule 23 Notice and deliver that request to Class Counsel no later than the Notice Response Deadline ("Opt-Outs"). Opt-Outs shall receive no settlement benefits under this Settlement Agreement, shall not be considered members of the Rule 23 State Law Settlement Classes, and shall not be bound by any release set forth in Section IX below.

46. Defendant shall have the right to void the settlement by providing written notice of such election to Plaintiffs' counsel within fourteen (14) days of the Notice Response Deadline if:

    A. Five (5) or more FLSA Collective members reject their individual settlement offer and request a withdrawal of their opt-in consent form; or

    B. Five (5) or more members of the Rule 23 State Law Settlement Classes opt out of the settlement.

47. The Parties agree that Defendant will issue two settlement checks to each Participating Settlement Class Member. One half of each Participating Settlement Class Member's settlement payment will be paid and reported as wages for tax purposes with the

11

Participating Settlement Class Member receiving an IRS Form W-2, and the other half will be treated as a settlement of his/her claim for liquidated damages and will be paid and reported on an IRS Form 1099. All amounts allocated as attorneys' fees and out-of-pocket litigation expenses awarded to Class Counsel, and settlement administration costs, will be paid to Class Counsel by Defendant and will be reported on an IRS Form 1099.

48. All settlement payments shall be delivered to Class Counsel within forty-five (45) days of entry of the Court's order granting final approval of the settlement and entry of final judgment.

### IX. RELEASE OF CLAIMS

49. Each member of the FLSA Collective who is a Participating Settlement Class Member shall hereby knowingly, voluntarily and completely release Defendant from/for all known and unknown claims for overtime compensation, liquidated damages, penalties, and interest under the FLSA, 29 U.S.C. § 201, *et. seq*., and equivalent claims under the state laws asserted in Plaintiffs' Second Amended Complaint, arising from his or her employment with Defendant as a "Case Manager" utilization review nurse (also known as prior authorization, pre-certification, or concurrent review nurses) up to and including July 5, 2015. Additionally, each FLSA Participating Class Member shall acknowledge that as a result of the settlement payments provided under this settlement, he/she has been paid for all hours worked for Defendant as a "Case Manager" utilization review nurse through July 5, 2015.

50. Each member of the Rule 23 State Law Settlement Classes who is a Participating Settlement Class Member shall hereby knowingly, voluntarily and completely release Defendant from/for all known and unknown claims for overtime compensation, liquidated damages, penalties, and interest under the respective state law arising from his or her employment with

Defendant as a "Case Manager" utilization review nurse (also known as prior authorization, pre-certification, or concurrent review nurses) up to and including July 5, 2015. Additionally, each Participating Class Member who is a member of the Rule 23 State Law Settlement Classes shall acknowledge that as a result of the settlement payments provided under this settlement, he/she has been paid for all hours worked for Defendant as a "Case Manager" utilization review nurse through July 5, 2015.

## X.  UNCASHED CHECKS

51. Participating Settlement Class Members will have ninety (90) days from the date of issuance of their settlement checks in which to negotiate (deposit or cash) them. Upon request by Class Counsel, Defendant agrees to provide Class Counsel with a list of any uncashed checks after sixty (60) days of that ninety (90) day period have elapsed. Class Counsel will make efforts to contact those Participating Settlement Class Members who have not negotiated their settlement checks. Defendant will cooperate with reissuing any lost or damaged settlement checks.

52. Any settlement checks that have not been negotiated within the ninety (90) day negotiation period will be void. Any funds actually recovered from uncashed checks will be delivered to Class Counsel by check made out to The Employee Rights Advocacy Institute For Law & Policy, which is a nonprofit tax-exempt charitable and educational organization under Section 501(c)(3) of the Internal Revenue Code (federal tax ID number 26-2270705) no later than thirty (30) days of the close of the ninety (90) day negotiation period.

## XI.  NOTICE TO POTENTIAL SETTLEMENT CLASS MEMBERS AND MUTUAL COOPERATION

53. Potential Settlement Class Members will be mailed their respective court-approved notice of settlement to their last known address, which shall be determined by Class

Counsel upon reviewing the data provided by Defendant and updating listed addresses through the use of available address databases. Defendant, through its Counsel, shall cooperate fully with any reasonable request by Class Counsel for information related to addresses or other contact information. The notices will also be distributed by email to each potential Settlement Class Member's last known personal email address.

54. Within five (5) days of the Court granting preliminary settlement approval, Defendant shall provide Class Counsel with a list of the last known: (1) mailing address; (2) phone number(s); and (3) personal email address(es) of each potential Settlement Class Member.

55. Neither Defendant nor Class Counsel will discourage potential Settlement Class Members from participating in this settlement or encourage them to object to, reject, or opt-out of the settlement. Defendant will cooperate with Class Counsel to ensure that Notice is promptly provided to all potential Settlement Class Members.

56. The Parties agree to fully cooperate with each other to accomplish the terms of the Settlement Agreement, including, but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall use their best efforts, including all efforts contemplated by the Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the Settlement Agreement and the terms set forth herein.

**XII.   NOTICES**

57. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly

given as of the third (3) business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Class Counsel:
Rachhana T. Srey
Alexander M. Baggio
NICHOLS KASTER, PLLP
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
srey@nka.com
abaggio@nka.com

To Counsel for Defendant:
Douglas E. Smith
Breanne S. Martell
LITTLER MENDELSON, P.C.
600 University Street, Suite 3200
Seattle, WA 98101
desmith@littler.com
bsmartell@littler.com

## XIII. CONSTRUCTION

58. The Parties agree that the terms and conditions of the Settlement Agreement are the result of lengthy, intensive, arms-length negotiations among the Parties, and that the Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his/her, or its counsel participated in the drafting of the Settlement Agreement.

## XIV. COUNTERPARTS

59. The Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

IN WITNESS WHEREOF, the undersigned have duly executed this Settlement

Agreement:

**Class Counsel:**

 

          NICHOLS KASTER, PLLP

_6/22/2016_          _/s/ Rachhana T. Srey_
Date                                 Rachhana T. Srey
                                      Class Counsel

**Defendant:**

          **Centene Management Company, LLC**

          By: _____
          Printed Name: _____
_____    Title: _____
Date

          **Littler Mendelson, P.C.**

 

_____    _____
Date                                       Douglas E. Smith
                                      Attorney for Defendant

Agreement:

**Class Counsel:**

**NICHOLS KASTER, PLLP**

_____    _____
Date                                                        Rachhana T. Srey
                                                                    Class Counsel

**Defendant:**

**Centene Management Company, LLC**

By: _____
Printed Name: _____
Title: _____

_____
Date

**Littler Mendelson, P.C.**

_____
Douglas E. Smith
Attorney for Defendant

_____
Date

Agreement:

**Class Counsel:**

        **NICHOLS KASTER, PLLP**

_____      _____
Date                                             Rachhana T. Srey
                                                Class Counsel

**Defendant:**

        **Centene Management Company, LLC**

        By: _Keith H. Williamson_ (signature)
        Printed Name: Keith H. Williamson
        Title: EVP, Secretary & General Counsel

_____
Date

        **Littler Mendelson, P.C.**

_____      _____
Date                                             Douglas E. Smith
                                            Attorney for Defendant